UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUKHBAATAR JIGJID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22 CV 03778 |
| ) | |
| SCOTT BARFUSS, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

Plaintiff Sukhbaatar Jigjid filed a single-count complaint against Defendant Scott Barfuss, alleging a violation of Section 1691i of the Fair Dept Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Barfuss has moved to dismiss Jigjid's complaint, arguing that it is untimely and barred by res judicata [7, 8]. The court concludes the timeliness argument is dispositive, grants Barfuss's motion, and dismisses Jigjid's complaint with prejudice.

### BACKGROUND

Plaintiff Jigjid resides in La Grange, Illinois, which is situated in the Fifth Municipal District of the Circuit Court of Cook County. (Compl. [7-1] ¶¶ 1, 15.) He brings this suit against Defendant Barfuss, an attorney who represented Jigjid's landlord in an eviction action in 2020. (*Id.* ¶ 5.) On July 17, 2020, Barfuss filed the eviction suit in the First Municipal District in downtown Chicago. (Compl. ¶ 8, Ex. B to Barfuss Aff. Ex. B. to Mot. to Dismiss [7].) On April 10, 2021, Jigjid was served with process, and, on April 22, 2021, he filed an appearance in that action. (Ex. A to Barfuss Aff., Ex. B. to Mot. to Dismiss [7-2].)

On May 16, 2022, Jigjid filed this lawsuit, claiming that "[b]y filing the eviction action in downtown Chicago, Defendant violated the FDCPA." (Compl. ¶ 16.) In an eviction case, the FDCPA requires "a debt collector who brings any legal action on a debt against any consumer" to "bring such action only in the judicial district" where the consumer resides. (*Id.* ¶ 14 (citing 15 U.S.C. § 1692i).) Jigjid alleges that, because he had to appear in Chicago instead of a courthouse

closer to his home, he had to spend unnecessary time and money on commuting and parking to defend himself in court. (*Id*. ¶ 17–19.) He seeks statutory damages of $1,000 plus costs and attorney's fees. (*Id*. ¶ 20.) On July 28, 2022, Barfuss moved to dismiss Jigjid's complaint on two grounds: untimeless and claim preclusion [7, 8]. In support of the motion, Barfuss asks the court to consider two affidavits in which Barfuss provides information concerning the eviction court proceedings: that the parties participated in a "Zoom Room" maintained at the Daley Center in downtown Chicago and did not actually appear in person for a trial in the case. (Barfuss Suppl. Aff. [17] ¶¶ 2–6.) Jigjid objects to the court's consideration of Barfuss's supplemental affidavit [19], but the court need not reach that objection, as it can rule on the motion without reference to the information in the affidavits.

## DISCUSSION

The court may dismiss a complaint for untimeliness "when the plaintiff's allegations establish that the statute of limitations bars recovery." *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). When ruling on a motion to dismiss, the court may look to "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (citation omitted).

A plaintiff may bring suit under the FDCPA "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) the Supreme Court held that, "absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged violation occurs, not the date on which the violation is discovered." Here, Jigjid has alleged that Barfuss violated 15 U.S.C. § 1692i because, under that provision, a debt collector may only "bring" a debt collection action in the debtor's judicial district of residence. As set forth in the complaint, Barfuss violated that provision "[b]y filing the eviction action in downtown Chicago." (Compl. ¶ 16.) Barfuss filed his eviction action on July 17, 2020, more than one year prior to Jigjid's bringing this FDCPA suit on May 16,

2022. Barfuss's timeliness argument is well-supported in the case law; several courts in this district and elsewhere have held that the FDCPA's statute of limitations beings to run when the improperly-venued case is filed. *See, e.g.*, *Desfassiaux v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 142 F. Supp. 3d 667, 670 (N.D. Ill. 2015); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997).

Prior to *Rotkiske*, several courts had held that the statute of limitations starts when the Defendant is served. Under this interpretation, a violation does not occur until a case is fully brought, which requires both the plaintiff's filing and service upon the defendant. *See, e.g.*, *Gillis v. Blitt & Gaines, P.C.*, No. 14-CV-5782, 2015 WL 5821637, at *3 (N.D. Ill. Oct. 1, 2015); *Abu-Samra v. Cavalry SPV I, LLC*, No. 14-CV-9422, 2015 WL 4658702, at *2 (N.D. Ill. Aug. 5, 2015); *Serna v. L. Off. of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 446 (5th Cir. 2013). Even on this more generous reading, though, Jigjid's claim would be barred: Jigjid was served on April 10, 2021, more than a year prior to commencing this FDCPA suit.

In response to Barfuss's motion, Jigjid asks this court to take an even more lenient approach: He argues that he suffered no injury until he was required to appear in person for trial at the Daley Center in Chicago on January 13, 2022. (Pl.'s Resp. [14] at 2.) Prior to that date, Jigjid had only appeared on a video platform. (*Id.*) This theory, however, does not align with the plain language of Jigjid's own complaint, which alleges that "[*b*]*y filing* the eviction action in downtown Chicago, Defendant violated the FDCPA." (Compl. ¶ 16 (emphasis added).) As Jigjid himself alleges, Barfuss violated the FDCPA not when Jigjid commuted to the Daley Center, but when a court in the First Municipal District exercised personal jurisdiction over him--such that Jigjid, at any time, could be called to appear in downtown Chicago to litigate the case. Because Jigjid was aware that he was subject to appear in the First Municipal District well prior to any in-person hearing, his argument for tolling the statute of limitations until January 13, 2022 fails. In sum, regardless of whether the court takes the filing date or the date of service as the starting point—the only two viable options—Jigjid's claim is untimely.

3

The cases Jigjid relies on do not rebut this conclusion. In *Suesz v. Med-1 Sols.*, LLC, 757 F.3d 636, 638 (7th Cir. 2014), the Seventh Circuit held that a "judicial district or similar legal entity" under § 1692i refers to "the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." That case confirms only that Jigjid can state a claim—not that his complaint is timely. *Suesz* addresses neither when an action for violating § 1692i accrues nor when the statute of limitations period begins to run. Jigjid's additional citations are similarly unsupportive. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013) (reversing denial of class certification so that class members who received no service in prior debt collection suits may be included); *Knight v. Blatt, et al.*, No. 14-CV-8169, slip op. at 3 (N.D. Ill. May 6, 2015) (concluding no violation of § 1692i occurred when defendant voluntarily dismissed debt action before the plaintiff was served).

As noted earlier, Defendant Barguss asserts a second defense, as well: that Jigjid could have raised his FDCPA claim in the earlier eviction action. The parties have briefed that issue, but because the untimeliness of the complaint is sufficient grounds for dismissal, the court does not address those arguments here.

## **CONCLUSION**

Because Jigjid's complaint is untimely, the court grants Barfuss's motion [7, 8] and dismisses Jigjid's complaint with prejudice. Jigjid's motion to strike Barfuss's affidavit is stricken [19].

ENTER:

Dated: January 12, 2023

_____
REBECCA R. PALLMEYER
United States District Judge

4